G-holson, J.
The lot in controversy is shown by the evidence to begin at a point on the south side of Longworth street, thirty-eight feet six inches east of Smith street; and the part the plaintiff claims fronts on Longworth street eighteen feet six inches, being part of the lot for which suit was brought, which lies between a point thirty-eight feet six inches east from Smith street, and a point fifty-seven feet east from Smith street. The contest between the parties was whether the true boundary of the lot conveyed by the sheriff to Horne began at one point or the other. Now, the deed from the sheriff to Horne, and the deed from Horne to the defendant, calls for a lot beginning for its boundary at a point fifty-seven feet east of Smith street. The case of the defendant must have been, to show, from other points of description and from other evidence applying the description to the property of Allen, that this was a mistake, and that the mistake was not in the seventy feet front, which the deed called for, but in the point of beginning. The plaintiff, on his part, offered to show that the levy, sale, and deed of the sheriff did not extend to any ground west of a point fifty-seven feet east from Smith street. To do this, he proposed to show that two lots were levied on, one sold and one withdrawn from sale, the latter in explicit terms embracing the ground in controversy, though also extending to a part of that embraced in the description of the lot sold, and this he proposes to show by the very same document upon which the defendant relied, and which the defendant had offered in evidence.
*If it appeared upon the face of the document itself, and as a matter of legal construction, that the mistake was as the defendant claimed, then it might have been proper for the court to exclude the parts of the transcript which were not offered by the defendant. But if, to make out that the mistake was as he claimed, parol evidence became necessary and was offered by the defendant, then, to meet such evidence and lay a foundation for any evidence the plaintiff might desire to offer to show that the mistake was different from that claimed by the defendant, we think the plaintiff was entitled to the benefit, as evidence, of the parts of the transcript of the record which the defendant had declined to offer or read.
Looking, with this view, at the levy and return of the sheriff; it appears quite clear that the court could not say to the jury, as a matter shown by a legal construction of the writing, that the lot which was sold by the sheriff had as its boundary, and extended to, *20 a point thirty-eight feet six inches from Smith street. To show this, other evidence was necessary—was, in fact, offered, and was, very probably, entirely satisfactory to the court and the jury. But the plaintiff had a right to present to the jury the other side of the question. Whether he could have' successfully done so, is not the question before us. The action of the court prevented him from taking the first step in that direction, and in this, we think, there was error.
The judgment of the district court must be reversed, and another trial awarded.
Brinkerhoee, C. J., and Scott, Sutliee, and Peck, JJ., concurred.